UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JALEN HOLMES
                              Plaintiff,

-v-                                                         9:24-CV-1005 (LEK/DJS)

MASTRACCIO and CIANCIO,

                              Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On August 16, 2024, Plaintiff Jalen Holmes commenced this action by filing a Complaint alleging that Defendants F. Mastraccio and Ciancio violated his constitutional rights. Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP Motion"). Dkt. No. 2.

On October 23, 2024, this Court issued a Memorandum-Decision and Order granting Plaintiff's IFP Motion, dismissing Plaintiff's claims against Defendants in their official capacities, and finding Plaintiff's Eighth Amendment excessive force claims, First Amendment retaliation, and Fourteen Amendment due process claims survived and required a response. *See generally* Dkt. No. 8.

On June 9, 2025, Defendants filed a Motion to Dismiss for failure to state a claim as well as a Motion for Partial Summary Judgement for failure to exhaust administrative remedies. *See* Dkt. No. 39.

On February 2, 2026, the Honorable Judge Daniel J. Stewart, United States Magistrate Judge, issued an Order & Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c), recommending that the Motion be granted in part and denied in part. Dkt. No. 51

("Report and Recommendation"). Specifically, Judge Stewart recommended that Plaintiff's

Eighth Amendment sexual assault claim, Eighth Amendment excessive force claim (regarding

the incident on 05/1/2024), and Fourteenth Amendment due process claim against Defendant

Ciancio be dismissed. *Id.* at 21. He further recommended that Defendants' Summary Judgement

Motion be denied, with leave to refile, *Id.* at 19, and that Plaintiff's Motion to Appoint Counsel

be denied. *Id.* at 19–21.

No party has filed objections to the Report and Recommendation. For the reasons that

follow, the Court adopts the Report and Recommendation in its entirety.

## II.   BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the

Report and Recommendation. *See* R. & R. at 2–4.

## III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section

636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v.*

*Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636;

Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the

Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate
> Judge's report and recommendation], any party may serve and file written
> objections to such proposed findings and recommendations as provided by
> rules of court. A judge of the court shall make a de novo determination of
> those portions of the report or specified proposed findings or
> recommendations to which objection is made. A judge of the court may
> accept, reject, or modify, in whole or in part, the findings or
> recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. *See generally* Dkt. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339.

After carefully considering Judge Stewart's well-reasoned Report and Recommendation, the Court finds no clear error. Thus, the Court approves and adopts the Report and Recommendation in its entirety.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 51, is **APPROVED and ADOPTED in its entirety**; and it is further,

**ORDERED**, that the Motion (Dkt. No. 39) is **GRANTED** in part and **DENIED** in part; and it is further,

**ORDERED** that the following claims be dismissed:  1) Eighth Amendment sexual assault claim;  2) Eighth Amendment excessive force claim regarding an incident on May 1, 2024; and 3) Fourteenth Amendment due process claim against Defendant Ciancio; and it is further,

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 13, 2026
           Albany, New York

LAWRENCE E. KAHN
United States District Judge